UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| FOURTH QUARTER PROPERTIES 86, LLC, | ) ) | CASE NO. 15-10135-WHD |
| | ) | CHAPTER 11 |
| Debtor. | ) | |
| | ) | |
| FOURTH QUARTER PROPERTIES 86, LLC, | ) ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | ADVERSARY PROC. NO. 16-01035 |
| | ) | |
| MLIC ASSET HOLDINGS, LLC AND MLIC CB HOLDINGS, LLC, | ) ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF DEFENDANT MLIC ASSET HOLDINGS, LLC AND MLIC CB HOLDINGS, LLC'S MOTION TO DISMISS COUNTS II AND III OF PLAINTIFF'S COMPLAINT IN PART**

COME NOW Defendants MLIC Asset Holdings, LLC and MLIC CB Holdings, LL. (collectively "MLIC" or "Defendants"), by and through their undersigned counsel of record, and show this honorable Court that Counts II and III of Plaintiff's Complaint (the "Complaint") [Doc. No. 1] should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), which is made applicable herein through Fed. R. Bankr. P. 7012(b), for the reasons that follow:

### INTRODUCTION

Metropolitan Life Insurance Company ("MetLife") was the holder of a First Mortgage Note and Loan Agreement executed by Fourth Quarter Properties 86, LLC ("Plaintiff") and Stanley E. Thomas ("Thomas") as co-makers on December 18, 2006 in the original principal

amount of $30,000,000.00 (the "Note" and the "Loan Agreement"). On December 18, 2006, to secure the indebtedness owed to MetLife pursuant to the Note, Plaintiff executed a First Mortgage and Security Agreement granting to MetLife a security interest in, among other things, certain real property commonly known as 3,011 deeded acres in Sublette County, Wyoming (the "Property").

Plaintiff and Thomas failed to remit payments to MetLife pursuant to the terms of the Note. On October 22, 2012, the Note, the Loan Agreement, the First Mortgage and Security Agreement and all related loan documents (collectively, the "Loan Documents") were assigned by MetLife to MLIC. The Note was declared in default and accelerated by MLIC on January 23, 2013. On March 5, 2013, MLIC filed suit against Debtor, Thomas and John D. Phillips ("Phillips") in the District Court for the Ninth Judicial District, County of Sublette, State of Wyoming, said case being Civil Action File No. 8099. The District Court for the Ninth Judicial District Within and or the County of Sublette, State of Wyoming entered an *Order Granting Summary Judgment and Decree of Foreclosure* on December 24, 2013 (the "Pre-Petition Wyoming Judgment") in favor of MLIC and against Debtor, Thomas and Phillips.

Plaintiff filed its voluntary petition for relief under Chapter 11 of the Title 114 of the U.S. Code on January 22, 2015 (the "Petition Date"). As of the Petition Date, all amounts due and owing under the Loan Documents had not been satisfied and remained outstanding.

## STATEMENT OF RELEVANT FACTS

On October 16, 2015, Defendants filed their second Motion for Relief [Doc. No. 118]. On December 2, 2015, the Plaintiff and Defendants entered into a consent order ("Consent Order") denying the request for relief from stay conditioned on the Plaintiff's compliance with

the terms of the Consent Order. [Doc. No. 136]. This Court had previously granted the parties' request to file the Consent Order under seal. [Doc. Nos. 131, 132].

Subsequently, on December 23, 2015, the Plaintiff filed its Amended Disclosure Statement and Chapter 11 Plan. [Doc. Nos. 140, 141]. Following approval of the Plaintiff's Disclosure Statement, this Court entered an order confirming the Plaintiff's Chapter 11 Plan. [Doc. Nos. 142, 168].

On November 18, 2016, Plaintiff filed the Complaint, seeking, among other things, (1) Permission to File a Motion to Modify Plan under Count II, and (2) Relief from the Consent Order under Count III. While Plaintiff seeks equitable relief under both Counts II and III of the Complaint, the relief requested is not properly before this Court and should be dismissed. Specifically, Plaintiff fails to plead a claim upon which relief can be granted, as motions seeking to modify plans and motions for relief from an order are not causes of action available in an adversary proceeding under Bankruptcy Rule 7001. As such Counts II and III of the Complaint must be dismissed.

## STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of the Complaint where it appears that the facts alleged fail to state a "plausible claim for relief." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009); Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court must accept all of the factual allegations in the Complaint as true and construe them in the light most favorable to the Trustee. Iqbal, 129 S. Ct. at 1949. To survive dismissal, "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Id., 127 S. Ct. at 1965.

## ARGUMENT AND CITATION OF AUTHORITY

This Court must dismiss Counts II and III of the Complaint, given that even if all the facts presented by Plaintiff are true, the relief requested in Counts II and III are procedurally improper, warranting dismissal under Bank. R. Civ. P. 7001 and 7003. Under Bankruptcy Rule 7001, Counts II and III must be dismissed because a Motion for Permission to Modify Plan and Motion for Relief from an order are not causes of action available in an adversary proceeding. Judicial economy mandates that Counts II and III be dismissed as they are only properly before this Court in the form of contested matters Plaintiff's main bankruptcy case.

**Counts II and III of the Complaint Fail to State a Claim for Which Relief can be Granted**

Rule 7001 of the Bank. R. Civ. P. enumerate ten causes of action that can be brought in an adversary proceeding:

(1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under §554(b) or §725 of the Code, Rule 2017, or Rule 6002;

(2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d);

(3) a proceeding to obtain approval under §363(h) for the sale of both the interest of the estate and of a co-owner in property;

(4) a proceeding to object to or revoke a discharge, other than an objection to discharge under §§727(a)(8), (a)(9), or 1328(f);

(5) a proceeding to revoke an order of confirmation of a chapter 11, chapter 12, or chapter 13 plan;

(6) a proceeding to determine the dischargeability of a debt;

(7) a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief;

(8) a proceeding to subordinate any allowed claim or interest, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for subordination;

(9) a proceeding to obtain a declaratory judgment relating to any of the foregoing; or

(10) a proceeding to determine a claim or cause of action removed under 28 U.S.C. §1452.

In the Complaint, Plaintiff requests that this Court grant permission for Plaintiff to file a Motion to Modify its confirmed chapter 11 plan in the Plaintiff's main bankruptcy case, and for relief from the terms of the parties' Consent Order. However, a request for relief from an order denying relief from stay and permission to file a motion to modify a plan of reorganization or order confirming same is not an allowed cause of action that can support the initiation of an adversary proceeding. Procedurally, a Motion for Relief from a Court order should be filed in the same proceeding as the original order itself; the same applies to a request to file a motion for permission to file a Motion to Modify a confirmed chapter 11 plan.  Thus, Counts II and III of the Complaint filed in this case are improperly before the Court and should be dismissed.

**CONCLUSION**

Pursuant to Bankruptcy Rule 7001, and Counts II and III of the Complaint should be dismissed for failure to state a claim upon which relief can be granted (Fed. R. Civ. P. 12(b)(6)). An independent proceeding exists in which the relief requested under Counts II and III of the Complaint should be properly brought as contested matters (i.e., motions). The Plaintiff should

not be allowed to avail itself of this Court's resources in a perplexing attempt to adjudicate its disputes with Defendants in multiple actions.

/s/ *Gary A. Barnes*
Gary A. Barnes, Georgia Bar No. 038575
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
Suite 1600, Monarch Plaza
3414 Peachtree Road, N.E.
Atlanta, GA 30326
Tel: (404) 577-6000
Fax: (404) 238-9607
Email: gbarnes@bakerdonelson.com

*Counsel for MLIC ASSET HOLDINGS, LLC and MLIC CB HOLDINGS, LLC*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| FOURTH QUARTER PROPERTIES 86, LLC, | ) ) ) | CASE NO. 15-10135-WHD |
| | ) | CHAPTER 11 |
|     Debtor. | ) | |
| | ) | |
| FOURTH QUARTER PROPERTIES 86, LLC, | ) ) ) | |
| | ) | |
|     Plaintiff. | ) | |
| | ) | |
| v. | ) | ADVERSARY PROC. NO. 16-01035 |
| | ) | |
| MLIC ASSET HOLDINGS, LLC AND MLIC CB HOLDINGS, LLC, | ) ) | |
| | ) | |
|     Defendants. | ) | |

**CERTIFICATE OF SERVICE**

    I, Gary A. Barnes, of the firm of Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Monarch Plaza, Suite 1600, 3414 Peachtree Road, NE, Atlanta, Georgia 30326, certify:

    That I am, and at all times hereinafter mentioned, was more than 18 years of age; and

    That I have this day served a copy of the instant pleading in the above-styled case as follows:

| | |
|---|---|
| Thomas T. McClendon | Ward Stone, Jr |
| Stone and Baxter, LLP | Stone & Baxter LLP |
| Suite 800 | Suite 800 Fickling & Company Bldg. |
| 577 Mulberry Street | 577 Mulberry Street |
| Macon, GA 31201 | Macon, GA 31201 |

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

This 13ath day of December, 2016.

> BAKER, DONELSON, BEARMAN,
> CALDWELL & BERKOWITZ, P.C.
>
> /s/ *Gary A. Barnes*
> Gary A. Barnes
> Georgia Bar No. 038575
> gbarnes@bakerdonelson.com
> Ron C. Bingham, II
> Georgia Bar No. 057240
> rbingham@bakerdonelson.com
> Madeleine G. Kvalheim
> Georgia Bar No. 131496
> mkvalheim@bakerdonelson.com
> Monarch Plaza, Suite 1600
> 3414 Peachtree Road, N.E.
> Atlanta, Georgia 30326
> 404.577.6000 (Telephone)
> 404.221.6501 (Facsimile)
>
> *Counsel for MLIC ASSET HOLDINGS, LLC and MLIC CB HOLDINGS, LLC*