UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| IN RE ) | |
| ) | |
| FOURTH QUARTER PROPERTIES 86, ) | CASE NO. 15-10135-WHD |
| LLC, ) | |
| ) | CHAPTER 11 |
| Debtor. ) | |
| ) | |
| FOURTH QUARTER PROPERTIES 86, ) | |
| LLC, ) | |
| ) | |
| Plaintiff. ) | |
| ) | |
| v. ) | ADVERSARY PROC. NO. 16-01035 |
| ) | |
| MLIC ASSET HOLDINGS, LLC AND ) | |
| MLIC CB HOLDINGS, LLC, ) | |
| ) | |
| Defendants. ) | |

**MLIC ASSET HOLDINGS, LLC AND MLIC CB HOLDINGS, LLC'S ANSWER AND DEFENSES TO COMPLAINT SEEKING PRELIMINARY AND LIMITED INJUNCTION, MOTION FOR PERMISSION TO FILE MOTION TO MODIFY PLAN, AND MOTION FOR RELIEF UNDER FED. R. BANKR. P. 9024**

COMES NOW Defendants MLIC Asset Holdings, LLC and MLIC CB Holdings, LLC (collectively, "MetLife" or "Defendants"), by and through its undersigned counsel of record, and files this, its Answer and Defenses to Complaint Seeking Preliminary and Limited Injunction, Motion for Permission to File Motion to Modify Plan, and Motion for Relief under Fed. R. Bankr. P. 9024 (the "Complaint"). In support thereof, Defendants respectfully show this Court as follows:

**DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed for insufficient process.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed due to insufficient service of process.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel, as the Complaint was filed in direct violation of the terms of the Consent Order (identified in paragraph 10 below).

## SIXTH AFFIRMATIVE DEFENSE

Pursuant to Fed. R. Civ. P. 12(b)(4) and (b)(5), this Court does not have jurisdiction over this matter as Plaintiff has failed to serve Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by its failure to mitigate the alleged damages.

## NINTH AFFIRMATIVE DEFENSE

Defendants raise the defense of failure of consideration and unjust enrichment.

In further response, and without waiving any defenses to the Complaint, Defendants hereby respond to each individually-enumerated paragraph of the Complaint as follows:

### Parties, Jurisdiction and Venue

1. Defendants admit that Count I of the Complaint is properly filed as an Adversary Proceeding, but denies that all other Counts of the Complaint are properly commenced pursuant to

7001(7) of the Federal Rules of Bankruptcy Procedure. Defendants admit all other allegations contained in paragraph 1 of the Complaint.

2. Defendants admit the allegations contained in the first sentence of paragraph 2 of the Complaint. Defendants deny the allegations contained in the second sentence of paragraph 2 of the Complaint. Defendants admit the allegations contained in the third sentence of paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in the first and third sentences of paragraph 3 of the Complaint. Defendants deny the allegations contained in the second sentence of paragraph 3 of the Complaint.

4. Defendants admit that this Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(a) and (b) and that this Court may enter a final order in this core matter pursuant to 28 U.S.C. § 157(b). The remaining allegations in paragraph 4 of the Complaint are legal conclusions for which no response is required, and Defendants therefore deny them.

5. Defendants admit the allegations contained in paragraph 5 of the Complaint.

**Factual Allegations**

6. Defendants admit the allegations contained in paragraph 6 of the Complaint.

7. Defendants admit the allegations contained in paragraph 7 of the Complaint.

8. Defendants admit that the Debtor is a Georgia limited liability company headquartered in Newnan, Georgia, and admit that the Debtor owns property known as the Little Jennie Ranch situation on over 3,000 acres of real property in Sublette County, Wyoming. Defendants deny the remaining allegations contained in paragraph 8 of the Complaint.

9. Defendants state that the docket and pleadings in the bankruptcy case speak for themselves. To the extent a response is required, Defendants deny the allegations contained in paragraph 9 of the Complaint.

10. Defendants state that the docket and documents in the bankruptcy case speak for themselves as to the Debtor's total estimated liabilities as of the Petition Date. Defendants admit that there was a dispute as to the amount of debt of Defendants' claim, which was later resolved by that certain Consent Order [Doc. No. 136], and by the Confirmation Order and Amended Plan which speaks for itself. Defendants deny all other allegations contained in paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in paragraph 11 of the Complaint.

12. Defendants admit the allegations contained in paragraph 12 of the Complaint.

13. Defendants admit that John D. Phillips holds a junior mortgage on the property. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and therefore deny them.

14. Defendants admit the allegations contained in paragraph 14 of the Complaint.

15. Defendants admit the allegations contained in paragraph 15 of the Complaint.

16. Defendants admit the allegations contained in paragraph 16 of the Complaint.

17. Defendants admit the allegations contained in paragraph 17 of the Complaint.

### The Consent Order Denying Relief from Stay

18. Defendants state that the docket and pleadings in the bankruptcy case speak for themselves. Defendants admit the Consent Order is attached to the Complaint as Exhibit 2 and Defendants further state that said Consent Order, among other things, provided that it was to remain sealed upon further order of the Court, and no such order has ever been entered.

-4-

Defendants state that the terms of the Consent Order speak for themselves and that the Consent Order needs to be reviewed in its entirety, however, paragraphs 18(a)-(d) appear to be an accurate recitation of some of the provisions of the Consent Order. All other allegations contained in paragraph 18 of the Complaint are denied.

19. Defendants admit that all adequate protection payments were made through October 3, 2016, and the Debtor did not close upon a sale of the Ranch by October 31, 2016. Defendants further state that no fully executed contract for the sale of the property was executed on or before October 31, 2016, and the only written offer for the purchase of the property was received on October 31, 2016. Defendants deny all remaining allegations contained in paragraph 19 of the Complaint.

20. Defendants admit the allegations contained in paragraph 20 of the Complaint.

### The Plan

21. Defendants state that the Consent Order and Amended Plan in the bankruptcy case speak for themselves. Defendants deny the allegations contained in paragraph 21 of the Complaint as they are not an accurate summary of the terms and provisions of both the Consent Order and the Amended Plan.

22. Defendants admit the allegations contained in paragraph 22 of the Complaint.

### The Marketing of the Property

23. Defendants state that the docket and pleadings in the bankruptcy case speak for themselves. Defendants admit the real property was continuously listed with the broker and marketing activities occurred, and that the broker was affiliated with Christie's International Real Estate, an affiliate of Christie's Auction House. Defendants are without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23 of the Complaint and therefore deny them.

24. Upon information and belief Defendants admit that certain marketing efforts were made to sell the property, including publication and advertisement in The Wall Street Journal, The New York Times, Financial Times, and The Land Report, and that advertisements were coupled with marketing exposure via videos, Christie's website, auction displays and promotional material in New York, London, and Hong Kong. Defendants also admit that a marketing report is attached to the Complaint as Exhibit 3. Defendants deny the remaining allegations contained in paragraph 24 of the Complaint.

25. Notwithstanding a requirement in the Consent Order to provide Defendants with marketing updates, Defendants have only been provided with two updates regarding Debtor's marketing efforts, and only then upon request. Therefore, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and therefore deny them.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and therefore deny them.

27. Defendants are aware of a fire in the area of the real property that occurred for approximately three weeks in July and August of 2016. Defendants further state that Douglas A. Gibson, a representative of the Defendants with the consent of the Debtor, was able to and did personally visit the property on August 1, 2016. Defendants deny the remaining allegations contained in paragraph 27 of the Complaint.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and therefore deny them.

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and therefore deny them.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 30 of the Complaint and therefore deny them.  In response to the allegations contained in the last sentence of paragraph 30 of the Complaint, Defendants admit that information is attached to the Complaint as Exhibit 4.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and therefore deny them. Defendants admit that Debtor did not receive an offer for sale of the real property until October 31, 2016.

## The Contract

32. Defendants admit the allegations contained in the first sentence of paragraph 32 of the Complaint and admit that an Offer is attached to the Complaint as Exhibit 5.  Defendants state that the Offer speaks for itself as to the Purchaser and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 32 of the Complaint.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and therefore deny them.

34. Defendants admit the allegations contained in paragraph 34 of the Complaint.

35. Defendants acknowledge that the Debtor requested an extension of time in which to comply with the Consent Order (on October 31, 2016, the day upon which the sale of the property was already to have occurred) during which the Debtor would continue to make adequate

protection payments. Defendants deny the remaining allegations contained in paragraph 35 of the Complaint.

36. Defendants admit the allegations contained in paragraph 36 of the Complaint.

37. Defendants admit that one reason for rejecting the proposal was that it did not know the purchaser. Defendants further admit that they would not perform any due diligence on the purchaser. Defendants further state that, upon information and belief, it was their understanding that the Debtor had certain revisions it wished to make to the contract. To date, no finalized contract, including the acceptance of the Debtor by execution of the contract has been done. Defendants deny all other allegations contained in paragraph 37 of the Complaint.

38. Defendants are unaware of a fully executed contract which may result in a sale of the real property. Consequently, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and therefore deny them.

39. Defendants are unaware of a fully executed contract which may result in a sale of the real property. Consequently, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and therefore deny them.

40. Defendants are unaware of a fully executed contract which may result in a sale of the real property. Consequently, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint and therefore deny them.

## Count I:
## Motion for Preliminary and Limited Injunction against MetLife

41. Defendants repeat and reallege its responses to paragraphs 1 through 40 of the Complaint as if fully set forth herein.

42. Paragraph 42 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. Paragraph 43 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 43 of the Complaint.

### Substantial Likelihood of Success on the Merits

44. Paragraph 44 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. Paragraph 45 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 46 of the Complaint.

47. Defendants admit that the property proposed by the Plan to be transferred has not been transferred as the Ranch, which was proposed by the Plan to be sold, has not yet been sold. Defendants admit the allegations contained in the third sentence of paragraph 47 of the

Complaint. The remaining allegations contained in paragraph 47 of the Complaint are legal conclusions to which no response is required and Defendants therefore deny them.

48. Paragraph 48 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 49 of the Complaint.

50. Paragraph 50 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 51 of the Complaint.

52. Paragraph 52 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 53 of the Complaint.

**Substantial Harm of Irreparable Harm if Injunction Is Not Granted**

54. Defendants deny the allegations contained in paragraph 54 of the Complaint.

55. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that the Ranch also secured collateral for a second secured obligation in favor of John D. Phillips in the amount of $28,051,076.56. Defendants further state upon information and belief that Mr. Phillips has other collateral which supports this obligation. Defendants deny all other allegations contained in paragraph 55 of the Complaint.

56. Defendants are unaware of a fully executed contract regarding a sale of the Ranch and, therefore, Defendants are without knowledge or information sufficient to form a belief as to the amount of hypothetical sale proceeds and related distributions. Defendants are also without knowledge or information sufficient to form a belief as to the amount of hypothetical foreclosure proceeds and related distributions. Defendants deny the allegations contained in paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

### Weighing of Competing Irreparable Harms

58. Defendants deny the allegations contained in paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in paragraph 59 of the Complaint.

### The Public Interest

60. Paragraph 60 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 60 of the Complaint.

## Count II:
## Motion for Permission to File a Motion to Modify Plan Under 11 U.S.C. § 1127(b)

61. Defendants repeat and reallege its responses to paragraphs 1 through 60 of the Complaint as if fully set forth herein.

62. Defendants admit that a Motion to Modify is attached to the Complaint as Exhibit 7.

63. The content of Exhibit 7 speaks for itself. All other allegations contained in paragraph 63 of the Complaint are denied.

64. The content of Exhibit 7 speaks for itself. All other allegations contained in paragraph 64 of the Complaint are denied.

## Count III:
## Motion for Relief from the Consent Order Under Bankruptcy Rule 9024

65. Defendants repeat and reallege its responses to paragraphs 1 through 64 of the Complaint as if fully set forth herein.

66. Paragraph 66 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 66 of the Complaint.

67. Paragraph 67 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. Paragraph 68 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 68 of the Complaint.

69. Paragraph 69 of the Complaint is a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 69 of the Complaint.

70. Paragraph 70 of the Complaint is a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. Paragraph 71 of the Complaint is a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 71 of the Complaint.

72. Defendants admit the allegations contained in paragraph 72 of Complaint.

73. Defendants deny the allegations contained in paragraph 73 of Complaint.

74. Defendants deny the allegations contained in paragraph 74 of Complaint.

   WHEREFORE, Defendants request that this Court enter an Order finding:

   a)   Plaintiff's Complaint should be dismissed with prejudice;

   b)   that all costs should be cast against the Plaintiff;

   c)   that all of Plaintiff's requests for relief be denied; and

   d)   granting such other and further relief as this Court may deem just and proper.


BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

*/s/ Gary A. Barnes*
Gary A. Barnes
Georgia Bar No. 038575
gbarnes@bakerdonelson.com
Ron C. Bingham, II
Georgia Bar No. 057240
rbingham@bakerdonelson.com

        Madeleine G. Kvalheim
        Georgia Bar No. 131496
        mkvalheim@bakerdonelson.com
        Monarch Plaza, Suite 1600
        3414 Peachtree Road, N.E.
        Atlanta, Georgia 30326
        404.577.6000 (Telephone)
        404.221.6501 (Facsimile)

        *Counsel for MLIC ASSET HOLDINGS, LLC*
        *and MLIC CB HOLDINGS, LLC*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| FOURTH QUARTER PROPERTIES 86, LLC, | ) ) ) | CASE NO. 15-10135-WHD |
| | ) | CHAPTER 11 |
| Debtor. | ) | |
| | ) | |
| FOURTH QUARTER PROPERTIES 86, LLC, | ) ) ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | ADVERSARY PROC. NO. 16-01035 |
| | ) | |
| MLIC ASSET HOLDINGS, LLC AND MLIC CB HOLDINGS, LLC, | ) ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I, Gary A. Barnes of the firm of Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Monarch Plaza, Suite 1600, 3414 Peachtree Road, NE, Atlanta, Georgia 30326, certify:

That I am, and at all times hereinafter mentioned, was more than 18 years of age; and

That I have this day served a copy of the Answer and Defenses to Complaint Seeking Preliminary and Limited Injunction, Motion for Permission to File Motion to Modify Plan, and Motion for Relief under Fed. R. Bankr. P. 9024 in the above-styled case as follows:

| | |
|---|---|
| Thomas T. McClendon | Ward Stone, Jr |
| Stone and Baxter, LLP | Stone & Baxter LLP |
| Suite 800 | Suite 800 Fickling & Company Bldg. |
| 577 Mulberry Street | 577 Mulberry Street |
| Macon, GA 31201 | Macon, GA 31201 |

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

This 13th day of December, 2016.

          BAKER, DONELSON, BEARMAN,
          CALDWELL & BERKOWITZ, P.C.

          */s/ Gary A. Barnes*
          Gary A. Barnes
          Georgia Bar No. 038575
          gbarnes@bakerdonelson.com
          Ron C. Bingham, II
          Georgia Bar No. 057240
          rbingham@bakerdonelson.com
          Madeleine G. Kvalheim
          Georgia Bar No. 131496
          mkvalheim@bakerdonelson.com
          Monarch Plaza, Suite 1600
          3414 Peachtree Road, N.E.
          Atlanta, Georgia 30326
          404.577.6000 (Telephone)
          404.221.6501 (Facsimile)

          *Counsel for MLIC ASSET HOLDINGS, LLC and MLIC CB HOLDINGS, LLC*