**IT IS ORDERED as set forth below:**



Date: January 31, 2017

_____

**W. Homer Drake
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION**

| IN THE MATTER OF: | : | CASE NUMBER |
|---|---|---|
| FOURTH QUARTER PROPERTIES 86, LLC, | : | 15-10135-WHD |
| Debtor | : | |
| | : | |
| FOURTH QUARTER PROPERTIES 86, LLC, | : | ADVERSARY PROCEEDING NO. 16-1035-WHD |
| Plaintiff, | : | |
| v. | : | |
| MLIC ASSET HOLDINGS, LLC, and MLIC CB HOLDINGS, LLC, | : | IN PROCEEDINGS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE |
| Defendants. | : | |

**<u>ORDER</u>**

Before the Court is the Motion to Dismiss filed by MLIC Asset Holdings,

LLC, and MLIC CB Holdings, LLC, (collectively "MLIC") in the above-captioned adversary proceeding. MLIC seeks the dismissal of Counts II and III of the complaint filed by Fourth Quarter Properties 86, LLC, (hereinafter "the Debtor"). This is a core proceeding over which this Court has subject matter jurisdiction. *See* 28 U.S.C. §§ 157(a), (b), 1334.

## Background

The Debtor owns and operates a working cattle ranch known as the "Little Jennie Ranch" in Sublette County, Wyoming. On January 22, 2015, the Debtor filed its petition under Chapter 11 of the Bankruptcy Code.

MLIC holds a security interest in the Debtor's ranch and other collateral. On October 16, 2015, MLIC filed a motion for relief from the automatic stay. On December 2, 2015, that motion was resolved by the entry of a consent order between MLIC and the Debtor. In the order, the parties stipulated that MLIC held a secured claim in the amount of $26,817,815.96, and the Debtor agreed to make adequate protection payments to MLIC. Additionally, the order called for the Debtor to market and sell the ranch. If the Debtor did not sell the ranch by October 31, 2016, the stay would terminate automatically.

On December 23, 2015, the Debtor filed an amended plan, incorporating the

2

terms of the consent order. The proposed plan gave the Debtor until October 31, 2016, to sell the ranch, and called for the payment of creditors from the proceeds of such a sale. On March 15, 2016, the plan was confirmed.

On November 18, 2016, the Debtor filed the complaint initiating this adversary proceeding. The Debtor maintained that, despite widespread marketing efforts, it had been unable to finalize a sale of the ranch in the time allowed under the consent order and the confirmed plan because the ranch had been cut-off from access due to a forest fire. The Debtor stated that it had found a buyer for the ranch on October 31, 2016, but needed until the end of the year to close the sale. The complaint contained three counts: (I) Motion for Preliminary and Limited Injunction; (II) Motion for Permission to File a Motion to Modify Plan; and (III) Motion for Relief from the Consent Order.

On December 13, 2016, MLIC filed the instant motion to dismiss. Citing Federal Rule of Bankruptcy Procedure 7001, MLIC argues that the Debtor cannot pursue the relief requested in Counts II and III via an adversary proceeding. Because of this procedural defect, MLIC contends that these Counts should be dismissed for failure to state a claim upon which relief can be granted.

3

## Discussion

Federal Rule of Civil Procedure 12(b)(6), applicable to adversary proceedings in Bankruptcy by operation of Federal Rule of Bankruptcy Procedure 7012(b), allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also* Fed. R. Bankr. P. 7012(b). Commonly, motions to dismiss pursuant to Rule 12(b)(6) raise allegations that a complaint fails to meet the "plausibility" pleading standards of Federal Rule of Civil Procedure 8(a). *See generally Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Here, however, MLIC does not raise an issue with the contents of the Debtor's pleading, but with its form. MLIC contends that the Debtor may only obtain the relief requested in Counts II and III by way of motions filed in the main Bankruptcy case. Though perhaps not as common as other grounds for a motion to dismiss, it has been held that pursuing a claim by the wrong procedural vehicle is sufficient grounds to dismiss an adversary proceeding pursuant to Rule 12(b)(6). *See Pergament v. Varela (In re Varela)*, 530 B.R. 573, 585 (Bankr. E.D.N.Y. 2015) (dismissing a claim for removal of a trustee where the debtor did not proceed by motion). Therefore, the Court must decide whether the Debtor may seek the relief

4

requested in Counts II and III in this adversary proceeding.

Federal Rule of Bankruptcy Procedure 7001 provides a list of matters that are "adversary proceedings." Fed. R. Bankr. P. 7001(1)-(10). As MLIC correctly points out, the issues raised by the Debtor in Count II and in Count III—permission to file a motion to modify the Chapter 11 plan and relief from the consent order—are not among these enumerated matters, and therefore should normally be raised by motion in the main Bankruptcy case. *See* Fed. R. Bankr. P. 9014. Consequently, the issue is whether a party may bring certain claims as adversary proceedings even if they are not enumerated as "adversary proceedings" in Rule 7001.

In considering how to answer this question, the Court finds two cases illustrative of two different approaches: *Motichko v. Premium Asset Recovery Corp. (In re Motichko)*, 395 B.R. 25 (Bankr. N.D. Ohio 2008), and *Pergament v. Varela (In re Varela)*, 530 B.R. 573 (Bankr. E.D.N.Y. 2015).

In *In re Motichko*, the debtors brought an adversary proceeding alleging that the creditor-defendant had violated the discharge injunction. 395 B.R. at 28. Acknowledging that "[t]he traditional way to bring an action for contempt before the Court is by motion," the court nevertheless declined to dismiss the proceeding. *Id.* at 32-33. The court stated that to do so would "elevate form over substance,"

5

especially because "an adversary proceeding provides more procedural protection for the defendant than does a contested matter brought by way of motion." *Id.* at 33. The court would not make the debtors engage in what it characterized as "unnecessary 'hoop jumping'" that "would merely serve to increase the costs of litigation, without providing any real benefit to either party." *Id.*

The court in *In re Varela* came to a different conclusion. In that case, the Chapter 7 trustee filed an adversary proceeding seeking to deny the debtor a discharge pursuant to § 727. *In re Varela*, 530 B.R. at 576. In response, the debtor filed a counterclaim seeking to have the trustee removed pursuant to § 324. *Id.* at 577. On motion of the trustee, the court dismissed the debtor's counterclaim because it could not be brought as an adversary proceeding. *Id.* at 585. In doing so, the court employed a clear-cut rule: "removal of a trustee is not within the scope of an adversary proceeding under Bankruptcy Rule 7001, and thus, a party must proceed by motion and not by adversary proceeding." *Id.* (citing *Jefferson v. Miss. Gulf Coast YMCA, Inc.*, 73 B.R. 179, 182 (Bankr. S.D. Miss. 1986)).

While the Court appreciates the "bright-line" nature of the rule applied in *In re Varela*, the approach taken in *In re Motichko* is more appropriate. The Court is not convinced that the enumerated causes of action in Rule 7001 were meant to be

6

the exclusive disputes in which the "adversary proceeding" rules of Part VII of the Federal Rules of Bankruptcy Procedure would apply. Instead, the Rules appear to contemplate potentially unlimited application of those rules. Rule 9014, which governs general motions practice, gives bankruptcy courts complete discretion to apply any of the rules in part VII in any contested matter. *See* Fed. R. Bankr. P. 9014(c); *In re Motichko*, 395 B.R. at 33. In light of that discretion, the Court sees no prohibition in the Rules themselves against bringing matters outside of the enumerated causes of action in Rule 7001 as adversary proceedings.[1]

In the absence of such an outright prohibition, an approach focused on ensuring due process and preventing prejudice guarantees that no party is unduly harmed by the choice of procedural vehicle. Such an approach allows a court the discretion to resolve a matter using the most appropriate procedure. Therefore, in situations in which a matter may be just as, if not more, properly resolved by way of an adversary proceeding as by motion, a court should not "elevate form over substance" by dismissing the proceeding on procedural grounds alone.

---

[1] The Court does note, however, that "[t]he relation between Rules 7001 and 9014 is not a two-way street." *In re Van Ness*, 399 B.R. 897, 908 (Bankr. E.D. Cal. 2009) ("[I]t is not permissible to seek Rule 7001 adversary proceeding relief as part of a Rule 9014 contested matter.").

7

Having determined the approach to take in resolving the question before the Court, the Court turns to the two counts of the Debtor's complaint that are at issue.

A. Count II

Count II of the complaint is labeled "Motion for Permission to File a Motion to Modify Plan Under 11 U.S.C. § 1127(b)." The Debtor seeks permission to file a motion to modify the plan to extend the time in which it may sell the ranch until December 31, 2016.[2]

Section 1127(b) provides that "[t]he proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such plan and before substantial consummation of such plan…." 11 U.S.C. § 1127(b). Such modifications are then subject to approval by the court through the confirmation process of § 1129. *See id.*; *see also* 11 U.S.C. § 1129.

This procedure does not require a reorganized debtor to request permission from the court to modify the plan, instead involving the Court only after a modification has been proposed. Consequently, the Court questions why the Debtor is requesting permission to file a motion to modify. Additionally, the Court

---

[2] As this date has already passed, the Court assumes the Debtor desires an extension to some point further in the future.

8

notes that the confirmed plan in this case contains its own procedure for making modifications. Article X of the plan requires the Debtor to give written notice of proposed plan modifications to the holders of effected claims that have not been paid in full. Those holders then have forty-five days to approve or reject the proposed modification. A class is deemed to have accepted a modification if at least 51% of the claims accepts it, so long as a quorum of 2/3 of the outstanding claims in the class vote on the modification. The Debtor appears to be seeking to by-pass this procedure via its request to file a modification pursuant to § 1127. Because the terms of a confirmed plan bind all parties to the plan, the Court is not inclined to allow such end-runs around the terms of the plan. *See* 11 U.S.C. § 1141.

Regardless of whether the Debtor intends to modify its plan under § 1127 or under the terms of the plan, the Court finds that such a modification would affect more than just the parties to this adversary proceeding: the Debtor and MLIC. The Debtor's plan is a liquidation plan—the payment of claims hinges on the sale of the ranch. As a result, all classes of claims (except those that were excluded from a distribution under the plan from the outset) would be affected by a modification of the date by which the ranch must be sold. Therefore, the Court concludes that other parties (namely, the other creditors in this case) would be prejudiced by allowing the

9

Debtor to pursue relief related to the modification of the plan in this adversary proceeding to which only the Debtor and MLIC are parties. Thus, the matter cannot be resolved effectively in this adversary proceeding. As a result, making the Debtor pursue this relief in the main Bankruptcy case is not "unnecessary hoop-jumping," but a necessary step to ensure that every party affected by the Debtor's intended modification is afforded its right to be involved in the modification. Accordingly, Count II of the complaint will be dismissed without prejudice to the Debtor's taking steps to modify the plan in the main Bankruptcy case.

B. Count III

Count III of the complaint is labeled "Motion for Relief from the Consent Order Under Bankruptcy Rule 9024." The Debtor seeks relief from the terms of the consent order entered on December 2, 2015.

Federal Rule of Bankruptcy Procedure 9024 incorporates Federal Rule of Civil Procedure 60 into Bankruptcy cases. Fed. R. Bankr. P. 9024. Rule 60 provides the grounds for which a court may grant a party relief from an order. Fed. R. Civ. P. 60(b). The rule expressly provides that relief may be granted "[o]n motion and just terms." *Id.*

10

The Court concludes that the Debtor may proceed on Count III in this adversary proceeding, as no party will be prejudiced thereby—the only parties to the consent order were the Debtor and MLIC, both of whom are parties to this action. Additionally, MLIC does not suggest any reason why it would be prejudiced by following the procedure of Part VII of the Rules. As a consequence, this matter may be just as adequately resolved in this adversary proceeding as by motion in the main case. Additionally, while the Court is aware of cases stating that a Rule 60(b) action seeking relief from an order that lifted the automatic stay does not need to be brought as an adversary proceeding, MLIC does not cite, and the Court does not know, any case holding that such an action *cannot* be brought as an adversary proceeding. *See State Bank of S. Utah v. Gledhill (In re Gledhill)*, 76 F.3d 1070, 1079-80 (10th Cir. 1996); *Timmons v. Rose Acceptance, Inc. (In re Timmons)*, 479 B.R. 597, 606-07 (Bankr. N.D. Ala. 2012). Therefore, considering the posture and nature of this matter, the Court concludes that Count III may properly be brought in this adversary proceeding.

## Conclusion

In accordance with the foregoing, it is hereby **ORDERED** that MLIC's motion is **GRANTED IN PART AND DENIED IN PART**. Count II of the

11

Debtor's complaint is **DISMISSED** without prejudice to the Debtor attempting to modify the plan in the main Bankruptcy case.

The Clerk is **DIRECTED** to serve this Order on the Debtor, MLIC, and respective counsel.

**END OF DOCUMENT**